IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


KARLA L. WOOTEN, #T48438,

     Plaintiff,

v.                                    CASE NO. 4:08-cv-00503-MP-WCS

WALTER McNEIL, et al.,

     Defendants.

_____/

**O R D E R**

     This matter is before the Court on Doc. 14, Plaintiff's motion to proceed *in forma pauperis* on appeal.  For the reasons stated below, the motion will be denied.

     On January 6, 2009, the Magistrate Judge issued a Report and Recommendation, which recommended that Plaintiff's case be dismissed *sua sponte* for failure to pay an initial partial filing fee as ordered by the Magistrate.  On January 20, 2009, Plaintiff filed an objection to the Report.  Doc. 11.  In her objection, Plaintiff explained that her failure to pay the initial partial filing fee was due to a miscommunication and requested that the Court give her more time to pay the fee, rather than dismiss her case.  On January 26, 2009, the Court *rejected* the Magistrate's recommendation to dismiss Plaintiff's case and gave Plaintiff until March 25, 2009, to pay the initial partial filing fee.  Doc. 11.  The Court did not dismiss Plaintiff's case.

     It is clear from Plaintiff's Notice of Appeal, Doc. 13, that Plaintiff has misread the Court's order rejecting the Magistrate's recommendation to dismiss Plaintiff's case, since she states in her notice of appeal that she is appealing the Court's January 26, 2009, order dismissing her case without prejudice.  No such order exists.

Pursuant to 28 U.S.C. § 1915(e), "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."   The test for determining if an appeal is taken in good faith is whether any of the legal points are reasonably arguable on their merits.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (citing Anders v. California, 386 U.S. 738 (1967)).  In other words, an application to appeal *in forma pauperis* may be denied "if it appears--objectively--that the appeal cannot succeed as a matter of law."  DeSantis v. United Technologies Corp., 15 F.Supp.2d 1285, 1289 (M.D. Fla. 1998), aff'd without opinion, 193 F.3d 522 (11th Cir.1999).  Because Plaintiff's appeal cannot succeed as a matter of law, it is hereby

**ORDERED AND ADJUDGED:**

Plaintiff's motion to proceed *in forma pauperis* on appeal, Doc. 14, is DENIED.  Plaintiff is reminded that she was given until Wednesday, March 25, 2009, to pay the initial partial filing fee in this case.

Because Plaintiff has filed a notice of appeal, the Court is now deprived of jurisdiction in this case.  The Court notes, however, that the circuit court clerk has not yet docketed Plaintiff's appeal.  If Plaintiff wishes to proceed at the district court level without delay, she may file a motion with this Court to voluntarily dismiss her appeal, pursuant to Rule 42(a) of the Federal Rules of Appellate Procedure.  Once the circuit court clerk dockets her appeal, however, Plaintiff would have to file any such motion with the Eleventh Circuit, pursuant to Rule 42(b).

**DONE AND ORDERED** this _12th_ day of February, 2009

_s/Maurice M. Paul_
Maurice M. Paul, Senior District Judge